UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
PRIYA NARANG,
                        Plaintiff,

            -v-

TROY ARMOUR, et al.,
                        Defendants.
```

24-CV-1125 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff filed a complaint on February 15, 2024, but does not sufficiently plead the basis

of this Court's jurisdiction.  "[F]ederal courts are courts of limited jurisdiction and, as such, lack

the power to disregard such limits as have been imposed by the Constitution or Congress."

*Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (internal quotation marks

and citation omitted).  Plaintiff asserts that this Court has jurisdiction pursuant to 28 U.S.C.

§ 1391(c)(3) (ECF No. 1 ¶ 5), but that statute addresses venue and does not confer subject matter

jurisdiction over this action.

Because Plaintiff brings breach of contract and quantum meruit claims (*id.* ¶¶ 41-42), it

appears that Plaintiff may intend to invoke this Court's diversity jurisdiction pursuant to 28

U.S.C. § 1332.  Under that statute, Congress has granted district courts original jurisdiction over

cases between "citizens of a State and citizens or subjects of a foreign state."  28 U.S.C.

§ 1332(a)(2).  But subject matter jurisdiction "based on 28 U.S.C. § 1332 . . . requires 'complete

diversity,' *i.e.* all plaintiffs must be citizens of states diverse from those of all defendants."  *Pa.*

*Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 117-18 (2d Cir. 2014).

Here, Plaintiff does not properly plead the citizenship of the parties, rendering the

complaint's allegations insufficient to demonstrate the Court's subject matter jurisdiction under

diversity jurisdiction.  To begin, the complaint names five Defendants—Troy Armour, Junk Kouture Operations Ireland LTD, Junk Kouture Entertainment and Media Group Limited LLC, Media Group Limited, and Junk Kouture Limited—but attempts to make a blanket allegation about the corporate Defendants' citizenship without even addressing the citizenship of individual Defendant Armour.  (ECF No. 1 ¶¶ 1-2, 5.)

Moreover, while the complaint alleges that "Defendants are incorporated in, or are resident of, the country of Ireland" (*id.* ¶ 5), it does not allege the citizenship of each Defendant. It appears that at least one Defendant, Junk Kouture Entertainment Media Group Limited LLC, is a limited liability company.  For limited liability companies, the place of registration and principal place of business are irrelevant to the question of diversity of citizenship under § 1332. Rather, for purposes of diversity jurisdiction, an LLC has the citizenship of *each* of its members. *ICON MW, LLC v. Hofmeister*, 950 F. Supp. 2d 544, 546 (S.D.N.Y. 2013).  Thus, to invoke this Court's diversity jurisdiction, Plaintiff must allege that the citizenship of each member of the limited liability company Defendants was diverse from the citizenship of Plaintiff at the date of this action's filing.  Plaintiff should also note that "'diversity is lacking . . . where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens.'"  *Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (quoting *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002)).

Finally, although the complaint alleges that Plaintiff "has a residence in Fairfield County, CT" (ECF No. 1 ¶ 3), it is "clear that a statement of the parties' residence is insufficient to establish their citizenship," *Leveraged Leasing Admin. Corp. v. PacifiCorp Cap., Inc.*, 87 F.3d 44, 47 (2d Cir. 1996).  Rather, an "individual's citizenship, within the meaning of the diversity

statute, is determined by his domicile," which is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corrio*, 232 F.3d 38, 42 (2d Cir. 2000).

The "failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Therefore, Plaintiff shall, on or before March 7, 2024, either (1) show cause as to why its complaint should not be dismissed for lack of subject matter jurisdiction, or (2) move to file an amended complaint that properly pleads jurisdiction. If Plaintiff fails to do so, this action may be dismissed.

SO ORDERED.

Dated: February 20, 2024
       New York, New York

_____
          J. PAUL OETKEN
     United States District Judge